UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

IN RE:

Earl Schneider and                                             Case No.
Linda Schneider,                                               Chapter 13
       Debtor(s).
_____/

## CHAPTER 13 PLAN

**(x) Original**           **( ) Amendment no.**           **(x)Pre-confirmation**           **( ) Post confirmation**

I. **GENERAL PROVISIONS**

      This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case.

      A. **PLAN PAYMENTS**. The Debtor submits all or such portion of Debtor's further income to the control of the Trustee as is, or may be necessary for the execution of the Plan. The Debtor, or Debtor's employer, shall pay to the Trustee the sum of $1670 per monthly pay period. The Debtor will submit all disposable income directly to the control and supervision of the trustee. If the Debtor becomes 30 days delinquent in making payments under the plan, the Trustee may submit a payroll order to the Court with an appropriate affidavit (copied to the Debtor and Debtor's counsel) and the Court may enter the payroll order without further hearing. The Debtor shall notify the Trustee immediately of any change of employment until the plan is completed.

      B. **LIQUIDATION TEST**. The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

      C. **DISPOSABLE INCOME & TAX REFUNDS**. If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, Debtor agrees to pay into the Plan all disposable income as defined in 11 USC §1325(b)(2) for a period of not less than 36 months from the date the first plan payment was due, including income tax refunds and property tax credits received during that period. The Debtor agrees to maintain the same level of exemptions as when the case was filed except as to increase the percentage to unsecured creditors as a result of additional payments made under this provision. The Trustee shall have the discretion to increase the percentage to unsecured creditors as a result of additional payments made under this provision. In the event the Plan is confirmed as a 100% Plan for unsecured creditors, and is ever modified to reduce such dividend below 100%, and the Debtor is making voluntary contributions to a 401(k) or similar plan or making voluntary repayments on a loan taken out against the 401(k) or similar plan, the Debtor hereby agrees that:

      (1) Current contributions to the 401(k) or similar plan shall cease on the date the Debtor's Chapter 13 Plan is modified to a less than 100% Plan, and that Chapter 13 Plan payment shall increase by that amount, and

(2) The Trustee has a reserved right to bring any action pursuant to the Trustee's avoidance powers as defined by the Bankruptcy Code, with respect to pre or post petition contributions or loan repayments, or both, made from the inception of the case until amended to a less than 100% Plan. The Debtor agrees that the provisions of 11 U.S.C. §546 are expressly waived if the Plan is modified after two years after entry of the Order of Relief.

**D. BALLOON PAYMENT**. The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation.

**E. VESTING OF ESTATE PROPERTY**. Upon confirmation of the plan, all property of the estate shall vest in the Debtor, except for the future earnings of the Debtor and other property specifically devoted to the Plan.

**F. PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY**. During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court and may not dispose of any non-exempt real or personal property of a value greater than $1,000.00 without first obtaining the consent of the Court.

**G. UNSCHEDULED CREDITORS FILING CLAIMS**. If a creditor's claim is not listed in the schedules, but the creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to pay the claim within that class, unless the claim is disallowed.

**H. PLAN REFUNDS**. The Trustee may, in the exercise of his duties to assist the Debtor in performance under the Plan, grant refunds to the Debtor from funds paid to the Trustee but not distributed to creditors to meet emergency situations which might arise during the Plan. The Plan duration shall be extended to the extent necessary to repay all refunds granted.

## II. TREATMENT OF CLAIMS

**A. PRIORITY CREDITORS**. Debtors shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 USC §507.

1. The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Attorney General. Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.

2. Counsel for the Debtor has received a retainer of $600 prior to the filing of the case. The balance of attorney's fees in the amount of $900 plus additional attorney fees as may be allowed, are to be paid as an administrative expense through the Plan. After Trustee's fee and prior to ongoing monthly payments to creditors, counsel for the Debtor shall be paid in full following payment of adequate protection payments to secured creditors as set forth herein.

3. Priority claims that are timely filed shall be paid as follows:

(a) Real estate tax claims shall be paid pro-rata, subsequent to monthly payments on the Debtor's

residence, but together with all remaining secured claims.  Real estate taxes shall be treated as secured claims and paid interest as required by statute.

       (b) Other priority claims shall be paid subsequent to the payment of all secured claims.

       (c) Unless otherwise specified, claims of the Friend of the Court shall be paid outside of the Plan directly by the Debtor.

**B.  SECURED CREDITORS**:

1.  Debtor's principal residence: Citifinancial Mortgage Company.

       (a) Creditor shall retain its lien, if a mortgage; or if a land contract vendor, Debtor assumes the contract.  Creditor shall be paid its regular monthly payment estimated to be $1,305 in the following manner:

    ( )    1. Payments directly by the Debtor to the creditor since the Debtor is current on the payments.

    ( )    2. Payments through the Plan commencing with:

        (X )    A. The first payment due following the date the case was filed.

        ( )    B. The first payment due following the first date set for the hearing on confirmation of the plan, with any intervening payments falling due between the date the case was filed and the first confirmation date being included in the creditor's pre-petition claim for any arrearage due.

Payments are to be made pro-rata with the stipulated monthly payments to other secured creditors, if any, unless otherwise provided as follows:

Estimated arrearages are $7,000.  Any claim allowed for an arrearage shall be paid over a reasonable period of time, with interest at the contract rate, through pro-rata distributions with the other secured creditors.

If the regular monthly payment is being made by the Trustee, upon notification by the mortgage or contract holder of any payment increase caused by a variable interest rate change or escrow modification, the Trustee is authorized to automatically increase the plan payment by an amount sufficient to cover the increased mortgage/contract payment and the additional Trustee fees thereon.  The Trustee shall amend any wage order in place to include this increase, with notice to the employer, Debtor, and counsel.

    ( ) 3. The Trustee will escrow $   per month for the payment of future property taxes on Debtor's residence, or such amount as the Trustee deems necessary for ongoing payment of future property taxes.  The escrowed funds will be disbursed upon the Trustee's receipt of a real estate tax bill.

2. Other Real Property creditors (if any) shall be treated as follows:

3. Personal Property

(a) Collateral to be retained: Each secured creditor in this case shall retain its lien and shall be paid in full to the allowed value of the underlying collateral.  In addition, interest on the secured value shall be paid at the contract rate, unless specified below.  Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below.  The excess, if any, over the secured value of the collateral shall be paid in the same manner as general unsecured claims.

(b) Interest rate to be paid: 7% per annum, or contract rate, whichever is lower.

Secured creditors in this class, their collateral, and its value are as follows:

| **CREDITOR** | **COLLATERAL** | **VALUE** | **ADEQ. PROTECTION/MONTH** |
|---|---|---|---|
| Citifinancial | 1998 Pontiac Trans Am | $10,000 | $58.33 |

(c) If a creditor files a fully or partially secured claim, and has either not been listed at all by the Debtor, or has been listed to be paid as fully unsecured, creditor shall serve a copy of the claim on Debtor's counsel.  Debtor's counsel shall then have 30 days from the date the claim was served on Debtor's counsel to file an objection to the claim.  If no objection is filed by either the Debtor or the Trustee, the claim shall control as to value.

(d) Collateral to be surrendered: The collateral for the following secured claims shall be surrendered to the creditor in satisfaction of its secured claim and any deficiency claim which is timely filed shall be treated as a general unsecured claim:

| **CREDITOR** | **COLLATERAL** | **VALUE** |
|---|---|---|
| *NONE | | |

(e) Adequate protection payments provided herein are the minimum amount each secured creditor shall be paid each monthly disbursement by the Trustee.  After each secured creditor receives the adequate protection payments specified herein, secured creditors shall paid pro rata after all priority claims are paid in full pursuant to 11 USC §507.

C.  EXECUTORY CONTRACTS (other than land contracts)

1. The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so-called rent-to-own contracts and the like, which will be treated as follows:

| **CREDITOR** | **PROPERTY** | **ASSUME/ REJECT** | **INSIDE/ DIRECT** | **MONTHS REMAINING** | **AMT.** |
|---|---|---|---|---|---|
| | | | | | |

2. Pre-petition defaults on assumed executory contracts shall be treated as follows:

**D.  UNSECURED CREDITORS**

1. General Unsecured Creditors: Claims in this class are to be paid from funds available after dividends to secured and priority creditors and monthly payments to creditors indicated in classes above.  The

payment to allowed general unsecured claimants will be satisfied by:

       ( )    (a) Payment of a Dividend of 100%

       ( )    (b) Payment of a pro-rata share of a fixed amount of $_____ set aside for creditors in this class.

       ( )    (c) Payment in full plus post-petition interest of __ % dating from plan confirmation.

       ( X )    (d) Other, as indicated: Debtor proposes to pay not less than a 1% dividend to unsecured creditors.

    2. Special Unsecured Creditors: Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services, or debts that may be nondischargeable such as student loans or criminal fines. Claims in this class include:

**CREDITOR   REASON FOR SPECIAL TREATMENT   INTEREST RATE TO BE PAID**

    (a) Claims of the above creditors will be paid in full to be disbursed pro-rata with dividends to allowed general unsecured creditors until all unsecured creditors have been paid the base or percentage provided, or the Plan has continued for 36 months, whichever provides the greater dividend to unsecured creditors; at which time dividends to special unsecured creditors shall continue until the claim is paid in full, including interest, if specified above.

    (b) The special claim of *** shall be paid as follows:

    3. The term "unsecured creditors" as used herein shall mean all unsecured creditors in existence at the time of the filing of the Debtor's Petition. The Trustee shall pay all allowable claims filed by unsecured creditors omitted from the Debtor's schedules, regardless of whether such claims are filed after the claims bar deadline set by the Court. No further Plan amendment or motion to allow such claims shall be necessary, and the Debtor shall be permitted to add creditors to the Matrix and Schedules after the Confirmation Order is entered. This paragraph shall only apply to creditors omitted from the Debtor's schedules.

## III. SPECIAL PROVISIONS

    A. Tax Returns: All tax returns, which have become due prior to the filing of this case have been filed, except as follows:

    B. Debtor Engaged in Business:

    ( )    The Debtor is self-employed and incurs trade credit in the production of income from such self employment.

    1. 11 USC §§1304(b) and (c) regarding operation of the business and duties imposed upon the Debtor are incorporated herein by reference.

        2. The Debtor shall comply with the provisions of any definitive Order entered by the Court, including but not limited to the filing with the Trustee of such business operating reports and income tax returns as are required on a monthly basis or otherwise.

### IV. OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:

    A. In the event that the Chapter 13 case is dismissed, the debtors assign any funds paid to the Chapter 13 Trustee to the law firm of Russell A. DeMott, P.C. to be paid for services rendered which are documented by an itemized fee petition and approved by the Court.

Dated: _____, 2004.                            /s/_____
                                                                    Earl L. Schneider, Debtor

Dated: _____, 2004.                            /s/_____
                                                                    Linda M. Schneider, Co-Debtor

RUSSELL A. DeMOTT, P.C.
Attorneys for the Debtor(s)
Russell A. DeMott, Esq.
1244 Lincoln Road (M-89)
Allegan, Michigan  49010
(269) 686-8330